UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA BELYEW,<br><br>  Plaintiff,<br><br>  v.<br><br>KORY L. HONEA, et al.,<br><br>  Defendants. | No. 2:17-cv-0508 AC P<br><br>ORDER |

Plaintiff, a former pretrial detainee and current state prisoner, proceeds pro se with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. This matter was accordingly referred to the undersigned by Local Rule 302(c)(17).

I.   Application to Proceed In Forma Pauperis

Plaintiff has filed several requests for leave to proceed in forma pauperis that include declarations that make the showing required by 28 U.S.C. § 1915(a). ECF Nos. 5, 9, 11, 13, 15, 17. The motions to proceed in forma pauperis will therefore be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, Plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from Plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, Plaintiff will be obligated for monthly payments

of twenty percent of the preceding month's income credited to Plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II. Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners[1] seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." Id. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive dismissal for failure to state a

---

[1] Plaintiff was a pretrial detainee at the time she filed the complaint. ECF No. 1 at 1. As a pretrial detainee, plaintiff falls within the statutory definition of "prisoner" for purposes of screening. 28 U.S.C. § 1915A(c) ("[T]he term 'prisoner' means any person . . . detained in any facility who is accused of . . . violations of criminal law.").

claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

III.   Facts of the Complaint

The complaint alleges that defendants Honea and Ahern violated plaintiff's Fourth and Fourteenth Amendment rights in relation to a pre-incarceration strip search. ECF No. 1 at 1, 3, 11-12. Plaintiff, formerly a pretrial detainee at the Butte County Jail, contends that the squat-and-cough procedure constitutes "unconstitutional body cavity searches." Id. at 3, 12. Specifically, a female correctional officer forced plaintiff to perform the squat and cough procedure four times. Id. at 12. The procedure and its repetition allegedly caused plaintiff both physical and emotional stress because of her "medical incontinence issue," pain in her right knee, and "past sexual abuse in [her] life AND documented sexual abuse by various male 'law-enforcement' officers." Id. Further, the complaint alleges that the officer was later overheard telling a male officer that "I don't trust [plaintiff]. She was leaking." Id.

Plaintiff seeks compensatory and punitive damages of an unspecified amount, and injunctive relief to stop the body cavity searches. Id. at 3.

## IV. Failure to State a Claim

### A. Failure to Link Claims Against Defendants

"To state a claim under §1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law." Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006) (citing West v. Atkins, 487 U.S. 42, 48 (1988)). The statute requires that there be an actual connection or link between the actions of the defendants and the violation of rights alleged to have been suffered by plaintiff. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted). "The requisite causal connection can be established not only by some kind of direct personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." Id. at 743-44 (citation omitted)

Liability under § 1983 may not be premised on the respondeat superior or vicarious liability doctrines. Taylor v List, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted). Nevertheless, direct participation is not always necessary. Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011). "A defendant may be held liable as a supervisor under § 1983 'if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" Id. (quoting Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)). Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825 (1994). "Vague and conclusory allegations" concerning the involvement of official

4

personnel in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

The complaint names two defendants: (1) Butte County Sheriff Kory L. Honea and (2) Alameda County Sheriff Gregory J. Ahern. The complaint does not contain any facts that create a "specific causal link" between either Honea or Ahern and the single, allegedly unconstitutional act of the officer who conducted the search at issue. Accordingly, plaintiff has not stated a claim against either defendant.

The failure to state a claim against Ahern is particularly glaring, as plaintiff does not allege that she suffered any injury to her constitutional rights at the Alameda County Jail. The complaint is based on a search at the Butte County Jail. Constitutional violations at the Alameda County Jail would not come within the jurisdiction of this court, as Alameda County lies within the Northern District of California.[2]

Without proffering any facts to reasonably show that either of the named defendants caused some violation of her rights, plaintiff has not stated a cognizable claim against either of them. However, Plaintiff may be able to allege additional facts linking these defendants to the alleged constitutional violations, and so she will be given leave to amend.

B. Fourth Amendment Claim

The Fourth Amendment protects against unreasonable searches, and that right is not lost to convicted inmates. Jordan v. Gardner, 986 F.2d 1521, 1524 (9th Cir. 1993). Furthermore, "pretrial detainees . . . retain at least those constitutional rights that [the courts] have held are enjoyed by convicted prisoners." Bell v. Wolfish, 441 U.S. 520, 545 (1979). However, "incarcerated prisoners retain a *limited* right to bodily privacy." Michenfelder v. Sumner, 860 F.2d 328, 333 (9th Cir. 1988) (emphasis added). The "restrictions and limitations" on a prisoner

---

[2] Plaintiff attaches declarations from other individuals claiming to have been subject to unconstitutional searches at the Alameda County Jail (ECF No. 1 at 6-8). However, as plaintiff was previously advised, she may bring suit only on the basis of injuries to herself. See ECF No. 10 at 2. Declarations from other individuals may serve to support plaintiff's claims regarding the search policy, but they do not form the factual basis for additional claims against the defendants. And declarations about searches in other counties are not relevant to establishing the policies or customs of Butte County Jail.

or detainee's rights are "based on 'institutional needs and objectives.'" Bull v. City and County of San Francisco, 595 F.3d 964, 972 (9th Cir. 2010) (quoting Bell, 441 U.S. at 546). Any restrictions that infringe upon a constitutional right "must be 'evaluated in light of . . . safeguarding institutional security'" and the courts must give "wide ranging deference" to prison officials in the adoption of policies and practices. Id. (quoting Bell, 441 U.S. at 547). "Correctional officials have a significant interest in conducting a thorough search as a standard part of the intake process," and the Supreme Court has held that all detainees, when joining a general detained population, can be subject to strip searches even without reasonable suspicion that a specific individual is concealing weapons or other contraband. Florence v. Bd. of Chosen Freeholders, 566 U.S. 318, 30-39 (2012); see also Bell, 441 U.S. at 558 (holding strip searches that required exposure of body cavities for visual inspection after every contact visit did not violate Fourth Amendment).

A detention facility's strip-search policy is analyzed using the test for reasonableness outlined in Bell v. Wolfish, as "[t]he Fourth Amendment prohibits only unreasonable searches." Bull, 595 F.3d at 971-72 (alteration in original) (internal quotation marks omitted) (quoting Bell, 441 U.S. at 558). Under Bell, the court must balance "the need for the particular search against the invasion of personal rights that the search entails." Bell, 441 U.S. at 559. In order to do so, courts must consider "the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted." Id. Further, strip searches that are limited to "visual inspection," even if "invasive and embarrassing," can be resolved in favor of the institution. Bull, 595 F.3d at 975 (holding that visual strip searches that are held in a "professional manner and in a place that afforded privacy" and done to prevent the smuggling of contraband did not violate Fourth Amendment); see also Florence, 566 U.S. at 330-39 (holding that visual strip searches at intake for prisoners joining general population did not violate Fourth Amendment). However, any searches done for the purpose of harassment are not constitutionally valid—the Supreme Court has held that "intentional harassment of even the most hardened criminals cannot be tolerated." Hudson v. Palmer, 468 U.S. 517, 528 (1984).

////

Plaintiff has alleged that her Fourth Amendment right to privacy was violated by the squat-and-cough search conducted by a female correctional officer as part of the intake process. ECF No. 1 at 12. However, she currently does not state a viable Fourth Amendment claim. Even if the court assumes the search violated Plaintiff's rights under the Fourth Amendment, she has complained of only a single incident involving an individual, allegedly unprofessional officer, but has not named the officer as a defendant. Nor does a single unprofessional search establish a violation attributable to either named defendant or demonstrate the existence of a policy that violates the Fourth Amendment. As addressed above, there are insufficient facts to demonstrate a connection between the officer's conduct and either defendant, and to the extent the complaint seems to be challenging the search policy itself, there are insufficient facts regarding what the policy entails.

With respect to the constitutionality of the search itself, there are no facts alleged that show that the search was done for the purpose of harassment. Moreover, the particular search seems to have been limited in scope—per the facts of the complaint, no touching appears to have been involved, the search was conducted as part of the intake process, and it was a limited strip search. ECF No. 1 at 11-12. Plaintiff has not alleged any facts that show that the search or possible associated policy were unreasonable. There are no claims that Plaintiff's search, let alone searches as a general matter, involved invasive touching or was done in a public place. To the extent Plaintiff claims that the officer was unprofessional, those allegations appear to relate to the officer's comments after the fact rather than to the search itself, as there are no facts to suggest that Plaintiff was required to squat and cough any more times than was necessary to complete the search in a satisfactory manner.

As currently written, Plaintiff's complaint does not allege facts that state a claim under the Fourth Amendment, because the strip search does not itself seem to be unconstitutional and there are no facts linking the search to defendants. However, since Plaintiff may be able to allege additional facts that could give rise to a cognizable claim, she will be given leave to amend.

////

////

C. Fourteenth Amendment Claim

Although Plaintiff has alleged a constitutional violation under the Eighth Amendment, because she was a pretrial detainee at the time of the incident, her claims are more appropriately analyzed under the Fourteenth Amendment's Due Process Clause. Castro v. County of Los Angeles, 833 F.3d 1060, 1067-68 (9th Cir. 2016) (citing Bell, 441 U.S. at 535). The Supreme Court has consistently held "that the due process rights of a pretrial detainee are 'at least as great as the Eighth Amendment protections available to a convicted prisoner.'" Id. at 1067 (quoting City of Revere v. Mass. Gen. Hosp., 463 U.S. 239, 244 (1983)). In examining the conditions of pretrial detention, the question "is whether those conditions amount to punishment of the detainee." Bell, 441 U.S. at 535. "[U]nder the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law." Id. (citations omitted). "Absent a showing of an expressed intent to punish," a court must consider whether "a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective," and thus, without more, non-punitive. Id. at 538-39 (citations omitted). A court may infer punitive intent if the challenged condition is "arbitrary or purposeless." Id. at 539 (citation omitted).

A pretrial detainee can show that there was a constitutional violation under the Fourteenth Amendment's Due Process Clause if an official acted with "deliberate indifference." Castro, 833 F.3d at 1068. Under the Fourteenth Amendment, deliberate indifference is "more than negligence but less than subjective intent—something akin to reckless disregard." Id. at 1070. To state a claim for deliberate indifference, a pretrial detainee must establish the following four elements:

> "(1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;
>
> (2) Those conditions put the plaintiff at substantial risk of suffering serious harm;
>
> (3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and
>
> (4) By not taking such measures, the defendant caused the plaintiff's injuries."

8

Id. "With respect to the third element, the defendant's conduct must be objectively unreasonable." Id. (citing Kingsley v. Hendrickson, 135 S. Ct. 2466, 2473 (2015)).

From the facts alleged in the complaint, it is not clear that elements two and three are established. In this case, because the Plaintiff is not suing the individual officer, but is instead suing the sheriff in charge of the officer and the sheriff of another county, she must allege facts showing that defendants should have reasonably known that the search procedure in general, or the officer conducting the search in particular, put plaintiff at substantial risk of suffering serious harm. The conduct of the officer during the allegedly unconstitutional search seems to be limited to the bounds of the search and the statement afterward, which is not enough to establish personal involvement of either defendant since there are no facts that show that either defendant had any day-to-day supervisory capacity over the jail, aside from the implied creation of policy, or that they had any knowledge of the officer's conduct during squat-and-cough searches. King v. County of Los Angeles, 885 F.3d 548, 559 (9th Cir. 2018) (holding that the sheriff could not reasonably have known that others would have caused a constitutional injury if the record did not establish that he supervised the "day-to-day operations" of the jail), see also Starr, 652 F.3d at 1208 (holding that the sheriff's "knowledge of the unconstitutional conditions in the jail, including his knowledge of the culpable actions of his subordinates, coupled with his inaction, amounted to acquiescence in the unconstitutional conduct of his subordinates"). The Supreme Court has held that a "'mere lack of due care by a state official' does not 'deprive an individual of life, liberty, or property under the Fourteenth Amendment.'" Castro, 833 F.3d at 1071 (some internal quotation marks omitted) (quoting Daniels v. Williams, 474 U.S. 327, 330-31 (1986)). Plaintiff has therefore failed to state a claim for relief under the Fourteenth Amendment and the claims will be dismissed with leave to amend.

V.      Leave to Amend

If Plaintiff chooses to file a first amended complaint, she must demonstrate how the conditions about which she complains resulted in a deprivation of her constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). She must also allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).

There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson, 588 F.2d at 743. Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey, 673 F.2d at 268 (citations omitted). Plaintiff must allege facts that show her constitutional rights were, in fact, violated by the squat-and-cough search *and* that the violation was either directly caused by defendants or that it was a policy defendants implemented that violated her rights.

Also, the amended complaint must not refer to a prior pleading in order to make Plaintiff's amended complaint complete. An amended complaint must be complete in itself without reference to any prior pleading. L.R. 220. This is because, as a general rule, an amended complaint supersedes the original complaint. See Pac. Bell Tel. Co. v. Linkline Commc'ns, Inc., 555 U.S. 438, 456 n.4 (2009) ("Normally, an amended complaint supersedes the original complaint." (citation omitted)). Once plaintiff files a first amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VI. Plain Language Summary of this Order for a Pro Se Litigant

The complaint is dismissed with leave to amend because the facts you have alleged are not enough to state a claim for relief. To state a claim for relief, you must explain what each defendant did or did not do that violated your rights. If you want to challenge a policy or practice of the county or its officials, you must identify that policy or practice and explain how it violated your rights.

In order to show a violation of your rights based on a policy, you must show that the policy in question was not reasonable and that your rights were violated because of the policy. You must also show that the defendants were in charge of crafting, creating, or implementing the policy. To state a claim against defendants not based on a policy, you must show that they were directly involved in the action that violated your rights.

////

If you choose to amend your complaint, the first amended complaint must include all of the claims you want to make because the court will not look at the claims or information in the original complaint.  **Any claims not in the first amended complaint will not be considered.**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's requests for leave to proceed in forma pauperis (ECF Nos. 5, 9, 11, 13, 15, 17) are granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend.

4. Within thirty days from the date of service of this order, Plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."  Plaintiff must file an original and two copies of the amended complaint.  Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

5. The Clerk of the Court is directed to send Plaintiff a copy of the prisoner complaint form used in this district.

DATED: October 16, 2019

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE