1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   LISA BELYEW,                              No.  2:17-cv-0508 AC P

12                 Plaintiff,

13         v.                                   ORDER

14   KORY L. HONEA, et al.,

15                 Defendants.

16

17         Plaintiff, a former pretrial detainee and current state prisoner, proceeds pro se with a civil

18   rights complaint filed pursuant to 42 U.S.C. § 1983.  By order filed October 17, 2019, the

19   complaint was screened and dismissed with leave to amend.  ECF No. 19.  Plaintiff has now filed

20   a first amended complaint.  ECF No. 23.

21         I.     First Amended Complaint

22         The court is required to screen complaints brought by prisoners seeking relief against a

23   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

24   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

25   "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[]

26   monetary relief from a defendant who is immune from such relief."  Id. § 1915A(b).

27         The amended complaint names three defendants: Butte County Sheriff Honea and officers

28   Moreland and Spencer.  ECF No. 23 at 2.  Plaintiff asserts claims of unreasonable search and

                                              1

seizure and retaliation against defendant Moreland and excessive force, unconstitutional conditions of confinement, and retaliation against Spencer.  Id. at 3-5.  She further asserts that Honea was responsible for unspecified policies as the Sheriff.  Id. at 5.

The first claim in the complaint is similar, though not identical, to the claim in the original complaint, while the second and third claims present new allegations.  In Claim One, Plaintiff alleges defendant Moreland forced her to perform a squat-and-cough procedure multiple times as a part of a strip search, despite being informed that Plaintiff could not bend at the knee because of severe back and knee problems.  ECF No. 23 at 3.  Moreland then told Plaintiff to place her face on the floor of the shower, which Plaintiff objected to because she did not want to be exposed to disease, prompting Moreland to threaten to bring other officers and "'make [her]' do it."  Id. Plaintiff was then forced to "cough and spread [her] anus and vagina until [Moreland] could 'see inside.'"  Id.  The search caused Plaintiff extreme psychological trauma because she has an extensive history of sexual and physical abuse and rape and her knee gave out causing physical pain.  Id.

Claim Two alleges that after Plaintiff was transported back from her trial readiness conference, defendant Spencer used excessive force against her and placed her in an unsanitary holding cell in retaliation for filing a grievance.  Id. at 4.  Spencer "slammed [her] up against the wall and twisted [her] left wrist until it 'popped.'"  Id.  When Plaintiff complained, Spencer stated, "'It's not meant to be comfortable.  You shouldn't have told on GRAY,'" referring to a grievance Plaintiff had filed regarding another correctional officer.  Id.  Defendant Spencer then allegedly placed Plaintiff in a holding cell covered in feces and various bodily fluids where she was unable to sit or lay down and she was left there for fourteen hours.  Id.  During her time in the cell, plaintiff overheard officers, including Spencer, making comments about how she filed a lot of grievances.  Id.

Finally, Claim Three alleges that in a subsequent search, Moreland retaliated against Plaintiff for filing grievances by making her repeatedly squat and cough during a strip search despite properly complying the first time.  Id. at 5.  When Plaintiff went to put her clothes on, she heard either Moreland or the officer with her whisper, "'See if she keeps tellin' on us.'"  Id.

Plaintiff also generally alleges that "Honea is the Sheriff and these are the policies put in place as Sheriff in control of the Butte County Jail." Id.

II.      Claims for Which a Response Will Be Required

A.      Unreasonable Searches

The Fourth Amendment protects against unreasonable searches, and that right is not lost to convicted inmates. Jordan v. Gardner, 986 F.2d 1521, 1524 (9th Cir. 1993). Furthermore, "pretrial detainees . . . retain at least those constitutional rights that [the courts] have held are enjoyed by convicted prisoners." Bell v. Wolfish, 441 U.S. 520, 545 (1979). However, "incarcerated prisoners retain a *limited* right to bodily privacy." Michenfelder v. Sumner, 860 F.2d 328, 333 (9th Cir. 1988) (emphasis added).

A detention facility's strip-search policy is analyzed using the test for reasonableness outlined in Bell v. Wolfish, as "[t]he Fourth Amendment prohibits only unreasonable searches." Bull v. City and County of San Francisco, 595 F.3d 964, 971-72 (9th Cir. 2010) (alteration in original) (internal quotation marks omitted) (quoting Bell, 441 U.S. at 558). Under Bell, the court must balance "the need for the particular search against the invasion of personal rights that the search entails." Bell, 441 U.S. at 559. In order to do so, courts must consider "the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted." Id.

"Correctional officials have a significant interest in conducting a thorough search as a standard part of the intake process," and the Supreme Court has held that all detainees, when joining a general detained population, can be subject to strip searches even without reasonable suspicion that a specific individual is concealing weapons or other contraband. Florence v. Bd. of Chosen Freeholders, 566 U.S. 318, 30-39 (2012). Further, strip searches that are limited to "visual inspection," even if "invasive and embarrassing," can be resolved in favor of the institution. Bull, 595 F.3d at 975 (holding that visual strip searches that are held in a "professional manner and in a place that afforded privacy" and done to prevent the smuggling of contraband did not violate Fourth Amendment). However, any searches done for the purpose of harassment are not constitutionally valid—the Supreme Court has held that "intentional

3

harassment of even the most hardened criminals cannot be tolerated" by the Fourth Amendment's protections. Hudson v. Palmer, 468 U.S. 517, 528 (1984).

Plaintiff has sufficiently stated a claim against defendant Moreland for violating her right to be free from unreasonable searches on two separate occasions. ECF No. 23 at 3, 5. During the first search, Moreland required Plaintiff to complete the search in the standard manner despite being advised of Plaintiff's back and knee problems and then threatened Plaintiff with force. Plaintiff's knee eventually gave out when she tried to comply with the orders. During the second search, Moreland required Plaintiff to unnecessarily repeat the procedure multiple times as retaliation for Plaintiff's grievances. While the searches appear to have been justified due to Plaintiff's entry to the jail from other locations, the allegations regarding the manner in which the searches were carried out support an inference of intentional harassment. Defendant Moreland will therefore be required to respond to these allegations.

### B. Retaliation

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985).

> Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.

Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote and citations omitted).

Plaintiff has stated viable retaliation claims against both Moreland and Spencer and they will be required to respond.

### C. Conditions of Confinement

In examining the conditions of pretrial detention, the question "is whether those conditions amount to punishment of the detainee." Bell, 441 U.S. at 535. "Absent a showing of an expressed intent to punish, on the part of detention facility officials, that determination

4

generally will turn on 'whether an alternative purpose to which [the restriction] may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned [to it].'" Id. at 538 (alteration in original) (citations omitted). "Convicted prisoners and pre-trial detainees are also entitled to 'adequate food, clothing, shelter, sanitation, medical care, and personal safety.'" Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996) (quoting Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982)), overruled on other grounds by Marley v. United States, 548 F.3d 1286 (9th Cir. 2008).

Plaintiff's allegation that defendant Spencer placed her in an unsanitary cell where she was unable to lie down or sit for fourteen hours, as a punishment for filing grievances, states a claim for unconstitutional conditions of confinement and Spencer will be required to respond to the claim.

D. Excessive Force

Under the Fourteenth Amendment, a pretrial detainee alleging excessive force must show "that the force purposely or knowing used against [her] was objectively unreasonable." Kingsley v. Hendrickson, 135 S.Ct. 2466, 2473 (2015). The "objective reasonableness turns on the 'facts and circumstances of each particular case.'" Id. (quoting Graham v. Connor, 490 U.S. 386, 396 (1989)).

Plaintiff's allegations against Spencer are sufficient to state a claim for excessive force and Spencer will therefore be required to respond to the claim.

III. Failure to State a Claim

A. Defendant Honea

"To state a claim under §1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law." Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006) (citing West v. Atkins, 487 U.S. 42, 48 (1988)). The statute requires that there be an actual connection or link between the actions of the defendants and the violation of rights alleged to have been suffered by plaintiff. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Liability under § 1983 may not be based on a respondeat

superior or vicarious liability theory. <u>Taylor v List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted). Nevertheless, participation in causing a constitutional violation need not always be direct. <u>Starr v. Baca</u>, 652 F.3d 1202, 1207 (9th Cir. 2011). Supervisory liability may exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." <u>Redman v. County of San Diego</u>, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), <u>abrogated on other grounds by</u> <u>Farmer v. Brennan</u>, 511 U.S. 825 (1994). "Vague and conclusory allegations" concerning the involvement of official personnel in civil rights violations are not sufficient to state a claim. <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff's only allegation against Honea is that he put in place unspecified policies as the Sheriff in charge of the Butte County Jail. ECF 7, No. 23 at 5. To the extent Plaintiff may be attempting to allege that Moreland and Spencer's conduct was the result of policies put in place by Honea, she has once again failed to identify the policies at issue and has simply continued to allege that Honea is responsible as Sheriff. As Plaintiff was advised in the previous screening order, such conclusory assertions are insufficient to support a claim against Honea, <u>see</u> ECF No. 19 at 4-5, 7, 9, and must be dismissed.

### B. No Further Leave to Amend

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc); <u>Cato v. United States</u>, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citing <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448 (9th Cir. 1987))). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. <u>Cato</u>, 70 F.3d at 1105-06.

Despite being advised as to what additional information she needed to provide to state a claim against Honea for unconstitutional policies or practices, Plaintiff has failed to add any

additional information related to this defendant and has continued to make only conclusory assertions that Honea is responsible as Sheriff. Since it appears that Plaintiff has no additional information to add, the claims against Honea should be dismissed without leave to amend.

IV.     Plain Language Summary of this Order for a Pro Se Litigant

Some of the allegations in your first amended complaint state claims against the defendants and some do not. Your allegations against Moreland and Spencer state claims for relief and they will be required to respond to those claims.

Your allegations against defendant Honea are not sufficient because you have not explained what policy or practice violated your rights or shown that Moreland and Spencer's actions were based on a policy implemented by Honea. It is being recommended that the claims against Honea be dismissed without leave to amend because it does not look like there are additional facts that you can allege to state claims for relief.

In accordance with the above, **IT IS HEREBY ORDERED** that:

1.   The Clerk of the Court shall randomly assign a United States District Judge to this action.

2.   Service is appropriate for defendants Moreland and Spencer.

3.   The Clerk of the Court shall send Plaintiff two USM-285 forms, one summons, an instruction sheet, and a copy of the first amended complaint (ECF No. 23).

4.   Within thirty days from the date of this order, Plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

a. The completed Notice of Submission of Documents;

b. One completed summons;

c. One completed USM-285 form for each of the following defendants: Moreland and Spencer; and

d. Three copies of the endorsed first amended complaint filed October 31, 2019.

5. Plaintiff need not attempt service on defendants and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without

payment of costs.

**IT IS FURTHER RECOMMENDED** that Plaintiff's claims against defendant Honea be dismissed without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 30, 2020

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LISA BELYEW,

          Plaintiff,

    v.

KORY L. HONEA, et al.,

          Defendants.

No. 2:17-cv-0508 AC P

NOTICE OF SUBMISSION OF DOCUMENTS

      Plaintiff submits the following documents in compliance with the court's order filed

_____:

           ___1___        completed summons form

           ___2___        completed forms USM-285

           ___3___        copies of the complaint

DATED:

                                            _____
                                            Plaintiff