UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA BELYEW,<br><br>    Plaintiff,<br><br>    v.<br><br>KORY L. HONEA, et al.,<br><br>    Defendants. | No. 2:17-cv-0508 KJM AC P<br><br>ORDER |

    Plaintiff is a former county and current state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On June 23, 2020, defendants filed a motion to dismiss and noticed the motion for hearing before the assigned District Judge. ECF No. 32. The hearing before the District Judge has now been vacated and the motion referred to the undersigned. ECF No. 34.

    Defendants' motion seeks to dismiss the complaint on the grounds that plaintiff failed to exhaust her administrative remedies prior to filing the complaint and that the complaint fails to state a claim for relief.[1] ECF No. 32-1 at 5-13. However, contrary to defendants' assertion, the

---

[1] The motion also requests that the court revoke plaintiff's leave to proceed in forma pauperis on the ground that she has accrued three strikes under 28 U.S.C. § 1915 and cannot show that she is at imminent risk of serious physical injury. ECF No. 32-1 at 3-4. However, none of the cases cited by defendants were dismissed prior to the initiation of this case. Id. at 4. In fact, all but one of the cases cited were initiated after this case. As a result, defendant has failed to identify a
(continued)

1

1     issue of exhaustion is not properly raised in an unenumerated Rule 12(b)(6) motion and has not
2     been for some time.  On April 3, 2014, the United States Court of Appeals for the Ninth Circuit
3     overruled Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003), with respect to the proper
4     procedural device for raising the issue of administrative exhaustion.  Albino v. Baca, 747 F.3d
5     1162, 1166 (9th Cir. 2014) (en banc).  Following the decision in Albino, a defendant may raise
6     the issue of exhaustion in either (1) a motion to dismiss pursuant to Rule 12(b)(6), "[i]n the rare
7     event that a failure to exhaust is clear on the face of the complaint," or (2) a motion for summary
8     judgment.  Id. at 1166.  "[A]n unenumerated motion under Rule 12(b) is not the appropriate
9     procedural device for pretrial determination of whether administrative remedies have been
10    exhausted under the PLRA."  Id. at 1168.

11         It is not clear from the face of the complaint that plaintiff failed to exhaust, as the
12    complaint indicates that she did in fact exhaust her administrative remedies (ECF No. 23 at 3-5)
13    and defendants rely on outside evidence to demonstrate her alleged failure (ECF No. 32-4).
14    Because defendants have improperly raised the exhaustion defense in their motion to dismiss, the
15    motion will be denied without prejudice to a motion in the proper form.  Defendants may either
16    re-file their motion to dismiss without the exhaustion argument or they may file it as a motion for
17    summary judgment that complies with the applicable rules and includes the notice required by
18    Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc).[2]

19         Accordingly, IT IS HEREBY ORDERED that:
20         1.  Defendants' motion to dismiss (ECF No. 32) is denied without prejudice to a motion
21    in the proper form.
22         2.  Within fourteen days of the service of this order, defendants must (1) re-file their
23    motion to dismiss without the exhaustion argument; (2) file a motion for summary judgment on
24    exhaustion that complies with the applicable rules and includes the notice required by Rand v.

---

single case that would count as a strike with respect to the instant action.  Tierney v. Kupers, 128 F.3d 1310, 1311 (9th Cir. 1997) (the language of § 1915(g) "makes clear its application to claims dismissed prior to the current proceedings").

[2]  Defendants will not be precluded from raising the exhaustion issue at a later date if they choose not to file a motion for summary judgment at this time.

1 | Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc); or (3) answer the complaint.

2 | DATED: July 14, 2020

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE