UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA BELYEW, | No. 2:17-cv-0508 KJM AC P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| KORY L. HONEA, et al., | |
| Defendants. | |

Plaintiff, a former pretrial detainee and current state prisoner, proceeds pro se with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. Defendants have moved to dismiss. ECF No. 37. For the reasons set forth below, this court recommends that defendants' motion be DENIED.

I.  Procedural History

On October 31, 2019, plaintiff filed her first amended complaint (ECF No. 23), and upon screening the complaint the undersigned recommended claims against defendant Honea be dismissed without leave to amend (ECF No. 26). The District Judge adopted the findings and recommendations in full, and service was found to be appropriate for defendants Moreland and Spencer on plaintiff's claims for unreasonable search, retaliation, conditions of confinement within the Butte County Jail, and excessive force. ECF Nos. 26, 31. On July 27, 2020,

////

1

defendants filed the instant motion to dismiss (ECF No. 37), which plaintiff opposes (ECF No. 42).

II. Plaintiff's Allegations

Plaintiff asserts claims of unreasonable search and seizure and retaliation against defendant Moreland, and excessive force, unconstitutional conditions of confinement, and retaliation against Spencer. Id. at 3-5.

In support of Claim One, plaintiff alleges that Moreland forced her to perform a squat-and-cough procedure multiple times as a part of a strip search, despite being informed that plaintiff could not bend at the knee because of severe back and knee problems. ECF No. 23 at 3. Moreland then told plaintiff to place her face on the floor of the shower, which plaintiff objected to because she did not want to be exposed to disease, prompting Moreland to threaten to bring other officers and "'make [her]' do it." Id. Plaintiff alleges she was then forced to "cough and spread [her] anus and vagina until [Moreland] could 'see inside.'" Id. The search caused plaintiff extreme psychological trauma because she has an extensive history of sexual and physical abuse and rape, and her knee gave out causing physical pain. Id. Plaintiff also states that during the search, Moreland told a male officer that she "didn't trust" plaintiff. Id.

Claim Two alleges that after plaintiff was transported back to the jail from her trial readiness conference, Spencer used excessive force against her and placed her in an unsanitary holding cell in retaliation for filing a grievance. Id. at 4. Spencer "slammed [her] up against the wall and twisted [her] left wrist until it 'popped.'" Id. When plaintiff complained, Spencer allegedly stated, "'It's not meant to be comfortable. You shouldn't have told on GRAY,'" referring to a grievance plaintiff had filed regarding another correctional officer. Id. Defendant Spencer then allegedly placed plaintiff in a holding cell covered in feces and various bodily fluids where she was unable to sit or lie down, and she was left there for fourteen hours. Id. During her time in the cell, plaintiff overheard officers, including Spencer, making comments about how she filed a lot of grievances. Id.

Finally, Claim Three alleges that in a subsequent search, Moreland retaliated against plaintiff for filing grievances by making her repeatedly squat and cough during a strip search

1  despite properly complying the first time. Id. at 5.  When plaintiff went to put her clothes on, she
2  heard either Moreland or the officer with her whisper, "See if she keeps tellin' on us."  Id.

    III.    Motion to Dismiss

        A.  Legal Standard for Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6)

In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  Id. (alteration in original) (quoting Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Tr., 425 U.S. 738, 740 (1976), and construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).  The court will "'presume that general allegations embrace those specific facts that are necessary to support the claim.'"  Nat'l Org. for Women, Inc. v. Scheidler, 510 U.S. 249, 256 (1994) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992)).  While pro se pleadings are held to a less stringent standard than those drafted by lawyers, Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam), the court need not accept legal conclusions "cast in the form of factual allegations," W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981) (citations omitted).

    B.  Discussion

        i.  Fourth Amendment Claim

The Fourth Amendment protects against unreasonable searches, and that right is not lost

1   to convicted inmates. Jordan v. Gardner, 986 F.2d 1521, 1524 (9th Cir. 1993).  However,

2   "incarcerated prisoners retain a *limited* right to bodily privacy." Michenfelder v. Sumner, 860

3   F.2d 328, 333 (9th Cir. 1988) (emphasis added).

4       A detention facility's strip-search policy is analyzed using the test for reasonableness

5   outlined in Bell v. Wolfish, as "[t]he Fourth Amendment prohibits only unreasonable searches."

6   Bull v. City and County of San Francisco, 595 F.3d 964, 971-72 (9th Cir. 2010) (alteration in

7   original) (internal quotation marks omitted) (quoting Bell, 441 U.S. at 558).  Under Bell, the court

8   must balance "the need for the particular search against the invasion of personal rights that the

9   search entails." Bell, 441 U.S. at 559.  In order to do so, courts must consider "the scope of the

10  particular intrusion, the manner in which it is conducted, the justification for initiating it, and the

11  place in which it is conducted." Id.

12      "Correctional officials have a significant interest in conducting a thorough search as a

13  standard part of the intake process," and the Supreme Court has held that all detainees, when

14  joining a general detained population, can be subject to strip searches even without reasonable

15  suspicion that a specific individual is concealing weapons or other contraband. Florence v. Bd. of

16  Chosen Freeholders, 566 U.S. 318, 30-39 (2012).  Further, strip searches that are limited to

17  "visual inspection," even if "invasive and embarrassing," can be resolved in favor of the

18  institution. Bull, 595 F.3d at 975 (holding that visual strip searches that are held in a

19  "professional manner and in a place that afforded privacy" and done to prevent the smuggling of

20  contraband did not violate Fourth Amendment).  However, searches done for the purpose of

21  harassment are not constitutionally valid—the Supreme Court has held that "intentional

22  harassment of even the most hardened criminals cannot be tolerated" by the Fourth Amendment's

23  protections. Hudson v. Palmer, 468 U.S. 517, 528 (1984).

24      Plaintiff claims defendant Moreland violated her right to be free from unreasonable

25  searches on two separate occasions.  ECF No. 23 at 3, 5.  Defendants assert that both searches at

26  issue were lawful and cite case law upholding the permissibility of reasonable visual strip

27  searches.  ECF No. 37 at 4-5.  Specifically, defendants state that both strip searches occurred

28  when plaintiff was entering the facility from an outside locations. Id. at 4.  Defendants further

contend that because the strip searches were purely visual, they were therefore reasonable. Id. Plaintiff, in her opposition states that Moreland made her unnecessarily repeat the search, and threatened violence during the December 24, 2016 search, and when a threat of violence is made, the search is no longer constitutional. ECF No. 42 at 2. Defendants' briefing does not meaningfully address plaintiff's allegations of intimidation or harassment. See ECF Nos. 37, 43.

As the undersigned articulated in screening plaintiff's amended complaint, while strip searches appear to have been justified due to plaintiff's entry to the jail from other locations, the allegations support an inference of intentional harassment in the manner in which they were carried out.[1] See ECF No. 26 at 4. In Bell, 441 U.S. at 561 the Court explained that searches with "an intent to punish" were not expressly constitutional. Moreover, "not all strip search procedures will be reasonable; some could be excessive, vindictive, harassing, or unrelated to any legitimate penological interest." Michenfelder v. Sumner, 860 F.2d 328, 332 (9th Cir. 1988). Plaintiff's allegations that Moreland subjected her to a search that was excessive to what was necessary, with the intent to punish her for her actions are sufficient to withstand a motion to dismiss. Accordingly, this court recommends defendants' motion to dismiss be denied as to plaintiff's Fourth Amendment claim.

### ii.  Retaliation Claim

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985).

> Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.

---

[1] Defendants, in their reply, rely heavily on the court's screening of plaintiff's initial complaint to argue that the court should find plaintiff's Fourth Amendment claims deficient. ECF No. 43. However, plaintiff's initial complaint is inoperative and is superseded by the amended filing. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). The court conducted a subsequent screening of the *operative* first amended complaint. See ECF No. 26.

Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote and citations omitted).

Plaintiff alleges that when she returned from a trial readiness hearing, defendant Spencer slammed her against a wall and said, "It's not meant to be comfortable. You shouldn't have told on Gray." ECF No. 23 at 4. Plaintiff states that she had previously filed a grievance against Officer Gray for threatening her with physical violence. Id. Plaintiff also states that she was placed in a room filled with feces and other bodily fluids, and Spencer told plaintiff that she "shouldn't grieve unnecessary things because it'll get you nowhere." Id. Plaintiff next alleged that during the November 20, 2017 strip search, she was forced to repeat her search, and allegedly heard one of the defendants whisper, "See if she keeps telling on us." Id.

Defendants contend that plaintiff's claim is conclusory and "cites no supporting facts." ECF No. 37-1 at 6. The court finds this argument unpersuasive. Plaintiff did allege facts which, if true, would establish adverse action (physically threatening behavior and subjection to unsanitary conditions) and support an inference of retaliatory intent (statements reflecting retaliatory animus). Such treatment, and the implied threat of more, could reasonably be expected to chill the exercise of First Amendment rights. Moreover, if the allegations of retaliatory intent are true, any otherwise legitimate justifications for plaintiff's placement and/or the use of force would not have been the actual reasons for defendant's actions and therefore would not defeat liability. For these reasons, this court recommends defendants' motion to dismiss be denied as to plaintiff's retaliation claim.

### iii. Conditions of Confinement Claim

In examining the conditions of pretrial detention, the question "is whether those conditions amount to punishment of the detainee." Bell, 441 U.S. at 535. "Absent a showing of an expressed intent to punish, on the part of detention facility officials, that determination generally will turn on 'whether an alternative purpose to which [the restriction] may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned [to it].'" Id. at 538 (alteration in original) (citations omitted). "Convicted prisoners and pre-trial detainees are also entitled to 'adequate food, clothing, shelter, sanitation, medical care, and personal safety.'" Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th

6

Cir. 1996) (quoting Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982)), overruled on other grounds by Marley v. United States, 548 F.3d 1286 (9th Cir. 2008).

Defendants argue that (1) facilities' cleaning standards are not required to match inmates' standards, and (2) a fear of catching a disease is not enough to state a claim for relief. ECF No. 37-1 at 7. Defendants' arguments are unpersuasive. Plaintiff's allegation that defendant Spencer placed her in an unsanitary cell where she was unable to lie down or sit for fourteen hours, as a punishment for filing grievances, states a claim for unconstitutional conditions of confinement. Accordingly, this court recommends defendants' motion to dismiss be denied as to plaintiff's conditions of confinement claim.

        iv. Excessive Force Claim

Under the Fourteenth Amendment, a pretrial detainee can show that excessive force was used against her by showing "that the force purposely or knowing used against [her] was objectively unreasonable." Kingsley v. Hendrickson, 135 S. Ct. 2466, 2473 (2015). The "objective reasonableness turns on the 'facts and circumstances of each particular case.'" Id. (quoting Graham v. Connor, 490 U.S. 386, 396 (1989)).

Defendants, in their motion, do not specifically call into question any of plaintiff's allegations, or explain why her allegations are insufficient at the pleading stage. ECF No. 37-1 at 8. Instead, defendants generally argue that plaintiff fails to allege facts to support this cause of action. Id. In her complaint, plaintiff alleges that defendant Spencer "slammed [her] up against the wall and twisted [her] left wrist until it 'popped.'" ECF No. 23 at 4. Plaintiff further alleges that Spencer did this in an attempt to punish and told her that "it's not meant to comfortable, you shouldn't have told on Gray." Id.

The reasonableness of defendant Spencer's actions is a question for the finder of fact. See Cabral v. Cty. of Glenn, 624 F. Supp. 2d 1184, 1190 (E.D. Cal. 2009). Accordingly, this court recommends defendants' motion to dismiss be denied as to plaintiff's excessive force claim.

IV. Conclusion

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss (ECF No. 37) be denied.

    2. If these findings and recommendations are adopted by the District Judge, defendants be directed to file an answer to the amended complaint within twenty-one days of the order adopting these findings and recommendations.

    These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 27, 2020

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE