UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA MARIE BELYEW,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KORY L. HONEA, et al.,<br><br>　　　　Defendants. | No. 2:17-cv-0508 KJM AC P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. This matter is before the court on plaintiff's motions for a temporary restraining order, ECF No. 45, to supplement the first amended complaint, ECF No. 50, and to amend the complaint, ECF No. 52.

I.   Motion for Temporary Restraining Order

Plaintiff seeks an ex parte temporary restraining order while she is temporarily housed at the Butte County Jail, to prevent unidentified individuals at the jail from retaliating against her for the instant suit. ECF No. 45. She seeks to enjoin prison officials from stealing or destroying her property, opening her legal mail, and using other inmates to retaliate against her. Id. Plaintiff also requests to be single-celled and to be allowed to keep her radio in the cell. Id.

　　　A.　Legal Standard

A temporary restraining order is an extraordinary measure of relief that a federal court

1

may impose without notice to the adverse party only if, in an affidavit or verified complaint, the movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and the movant "certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). The standard for issuing a temporary restraining order is otherwise essentially the same as that for issuing a preliminary injunction. Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001) (stating that the analysis for temporary restraining orders and preliminary injunctions is "substantially identical").

In evaluating the merits of a motion for preliminary injunction, the court considers whether the movant has shown that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) (citations omitted). The Ninth Circuit has held that "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest," even if the moving party cannot show that he is likely to succeed on the merits. All. for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011). Under either formulation of the principles, preliminary injunctive relief should be denied if the probability of success on the merits is low. Johnson v. Cal. State Bd. of Acct., 72 F.3d 1427, 1430 (9th Cir. 1995) ("[E]ven if the balance of hardships tips decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is a fair chance of success on the merits." (quoting Martin v. Int'l Olympic Comm., 740 F.2d 670, 675 (9th Cir. 1984))).

Finally, an injunction can bind individuals who are not parties to the action only when they are "officers, agents, servants, employees, and attorneys" of the parties or "are in active concert or participation with" the parties. Fed. R. Civ. P. 65(d)(2).

B. Discussion

As an initial matter, plaintiff has not demonstrated that notice should not be required and

that she will suffer irreparable injury before defendants' opposition can be heard, nor has she shown that she has any likelihood of success on the merits. However, even if the court assumes that plaintiff is likely to succeed on the merits, her contentions of potential future injury are no more than speculative and are therefore insufficient to demonstrate a risk of immediate and irreparable injury. Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988) ("Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." (citing Goldie's Bookstore, Inc. v. Superior Court, 739 F.2d 466, 472 (9th Cir. 1984))).

Although plaintiff claims that unspecified prison officials will steal or destroy her property and use other inmates to retaliate against her, she has not presented any facts to support the claim that the anticipated conduct is imminent or even likely. See id. ("A plaintiff must do more than merely allege imminent harm sufficient to establish standing; a plaintiff must *demonstrate* immediate threatened injury as a prerequisite to preliminary injunctive relief." (citing Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League, 634 F.2d 1197, 1201 (9th Cir. 1980))). Moreover, even though plaintiff's motions to supplement and amend the first amended complaint indicate that she has since suffered some retaliation, ECF Nos. 50, 52, the harm is not related to the claims in the first amended complaint, see Pac. Radiation Oncology, LLC v. Queen's Med. Ctr., 810 F.3d 631, 633 (9th Cir. 2015) ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction."). For these reasons, the motion must be denied.

Additionally, the court must have jurisdiction over the individuals against whom plaintiff wishes the restraining order to issue. See Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 584 (1999) ("Personal jurisdiction, too, is an essential element of the jurisdiction of a district . . . court, without which the court is powerless to proceed to an adjudication." (alteration in original) (citation and internal quotation omitted)); Paccar Int'l, Inc. v. Com. Bank of Kuwait, S.A.K., 757 F.2d 1058, 1061 (9th Cir. 1985) (vacating district court's order granting preliminary injunction for lack of personal jurisdiction). However, plaintiff seeks relief against unspecified prison

officials rather than the named defendants.[1]  Furthermore, in her motions to supplement and amend the first amended complaint, plaintiff identifies several individuals, and two in particular, as the individuals who are retaliating against her.  ECF Nos. 50, 52.  To the extent it appears that plaintiff is seeking an injunction against these individuals, none of them are named defendants to this action, and there are no facts showing that these individuals are acting "in active concert or participation" with defendants.  See Fed. R. Civ. P. 65(d)(2); Zenith Radio Corp. v. Hazeltine Rsch., Inc., 395 U.S. 100, 112 (1969) ("a non-party with notice cannot be held in contempt until shown to be in concert or participation").  Because plaintiff has not requested an injunction against anyone over whom the court has jurisdiction, the motion must be denied.

II.     Motions to Supplement and Amend the First Amended Complaint

Plaintiff has filed motions to supplement and amend the first amended complaint, in which she seeks to assert additional claims against new defendants based upon incidents that occurred after she was transferred back to Butte County Jail on February 23, 2021, for court proceedings.  ECF Nos. 50, 52.  Once the time for amending as a matter of course has passed, Rule 15(a)(2) permits an amended pleading "only with the opposing party's written consent or the court's leave."  In considering whether to grant leave to amend, "[t]he court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Under Rule 15(d), "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."  Fed. R. Civ. P. 15(d).

The first amended complaint proceeds against defendants Moreland and Spencer on claims that they subjected plaintiff to unreasonable searches, unsanitary conditions, excessive force, and retaliation in 2016 and 2017.  See ECF Nos. 23, 26.  Although plaintiff alleges that the retaliation she is currently facing is because of filing the instant lawsuit, there is no indication that either defendant was responsible for the retaliation, and the alleged violations do not arise out of the same events at issue in this case.  Accordingly, joinder of the claims or any additional

---

[1] To the extent plaintiff's motion can be construed to seek an injunction against Butte County Jail or Sheriff Honea, the jail is not a defendant, and although Sheriff Honea was named as a defendant, the claims against him were dismissed.  ECF No. 31.

4

defendants would not be proper, see Fed. R. Civ. P. 18(a) (plaintiff may bring "as many claims as it has against an opposing party"); Fed. R. Civ. P. 20(a)(2) (plaintiff may only join defendants where claims against them arise "out of the same transaction, occurrence, or series of transactions or occurrences"), and the motions to supplement and amend should be denied. If plaintiff wishes to pursue these new claims, she may attempt to do so in a separate action after exhausting her administrative remedies.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for temporary restraining order, ECF No. 45, be DENIED.

2. Plaintiff's motion to supplement the first amended complaint, ECF No. 50, be DENIED.

3. Plaintiff's motion to amend the first amended complaint, ECF No. 52, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 7, 2021

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE