UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA MARIE BELYEW, | No. 2:17-cv-0508 KJM AC P |
| Plaintiff, | |
| v. | ORDER |
| KORY L. HONEA, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 30, 2022, the magistrate judge filed findings and recommendations, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty-one days. ECF No. 73. Plaintiff has filed objections to the findings and recommendations (ECF No. 74), to which defendants have responded (ECF No. 75).

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having reviewed the file, the court finds the findings and recommendations to be supported by the record and by the proper analysis, except for sections IV(D)(i) and IV(F). Sections IV(D)(i) and IV(F) contain a discussion and analysis of

the merits of plaintiff's first claim for relief, which arises from a strip search conducted on plaintiff on December 24, 2016 by defendant Moreland.  Review of the record shows plaintiff signed the operative complaint in this action, the first amended complaint, under penalty of perjury.  *See* ECF No. 23 at 6.  The first amended complaint is properly considered as an affidavit in opposition to defendants' motion for summary judgment to the extent it contains admissible evidence within plaintiff's personal knowledge.  *See Schroeder v. McDonald*, 55 F.3d 454, 460 (9th Cir. 1995).  Plaintiff's factual averments in Claim One of the first amended complaint are as follows:

> On or about December 24, 2016 I was strip-searched and forced to squat and cough multiple times by Officer Moreland.  I informed MORELAND that I had severe back and knee problems that prevented me from bending at my knees.  MORELAND then told me to place my face on the floor of the shower.  I told her I did not want to do this because it could put me in danger of contracting Hepatitis A, B, C, HIV and/or Herpes.  MORELAND threatened that if I did not do it she would get some other officers and make me do it.  MORELAND made me cough and spread my anus and vagina until she could "see inside."  Then I heard MORELAND tell a male officer who was standing outside the door while this process was going on, the door was kept open, and she told him "I don't trust her because she 'leaked' on herself.["]  Because of my extensive history of sexual/physical abuse and rape this caused me extreme psychological trauma and physical pain because my knee gave out on me.  I filed a grievance on MORELAND for this.  I filed a grievance for this incident on or about December 30, 2019 and it was denied.

ECF No. 23 at 3.  These averments call into question the magistrate judge's findings that defendants have established as undisputed that "the search was conducted in a private area and in a professional manner" and that defendant Moreland did not require plaintiff to go through search procedures "more times than was necessary to properly complete the search."  ECF No. 73 at 16-17.  Good cause appearing, this matter will be referred back to the assigned magistrate judge for further findings and recommendations on the merits of plaintiff's claim against defendant Moreland, and, as appropriate, findings and recommendations on defendant Moreland's qualified immunity defense.

/////

/////

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed September 30, 2022, are adopted except as to sections IV(D)(i) and IV(F);

2. Defendants' motion for summary judgment (ECF No. 65) is granted in part and denied in part as follows:

    a. Granted with respect to Claims Two and Three on the ground that plaintiff did not exhaust her administrative remedies prior to filing suit; and

    b. Denied with respect to Claim One on the ground that plaintiff did not exhaust her administrative remedies; and

3. This matter is referred back to the assigned magistrate judge for further findings and recommendations consistent with this order.

DATED: January 17, 2023.

_____
CHIEF UNITED STATES DISTRICT JUDGE